(103 So. 919)

NATIONAL LIFE INS. CO. OF U. S. A. v. Dollie JOHNSON. (6 Div. 374.) (Supreme Court of Alabama. March 19, 1925.) Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge. Action on policy of insurance by Dollie Johnson against the National Life Insurance Company of the United States of America. Judgment for plaintiff, and defendant appeals. Reversed and remanded. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Section 5 of the policy sued on is, in part, as follows: "No benefits will be paid for sickness or death resulting from any venereal disease, nor for suicide, sane or insane, nor for injuries, fatal or otherwise, sustained while or in consequence of violating the law or which are caused wholly or in part by the intentional acts of any person (assaults committed on the insured for the sole purpose of burglary or robbery excepted)." The defendant excepted to this portion of the court's oral charge: "The law is that a policy holder would be entitled to recover on such policy, if you are reasonably satisfied from the evidence in the case that the policy was lawfully obtained by such holder, and that it was in force and effect at the time of the death of the intestate; that it was sold to her through the agent of the company, and that said agent informed the plaintiff, she being unable to read and write, that it insured intestate's life against death from all causes save suicide and childbirth; and if you are reasonably satisfied from the evidence that the intestate died from wounds inflicted upon her, and that said wounds were not self-inflicted, and not caused by acts of her own, then the plaintiff would be entitled to recover the amount due under said policy."

Weatherly, Birch, McEwen & Hickman, of Birmingham, for appellant.

Parol antecedent or contemporaneous agreements cannot vary written contracts. Ware v. Cowles, 24 Ala. 446, 60 Am. Dec. 482; Barringer v. Sneed. 3 Stew. 201, 20 Am. Dec. 74. A policy of insurance cannot be so broadened, by application of the law of estoppel, as to create a liability not contracted for. McCoy v. N. W. Mutual, 92 Wis. 577, 66 N. W. 697, 47 L. R. A. 681; Hollings v. Brown, 202 Ala. 504, 80 So. 792.

W. M. Woodall, of Birmingham, for appellee.

The condition excepting from insurance the risk of death by intentional injury may be waived. 1 Cyc. 258 (45), 287; Standard, etc., Ins. Co. v. Jones, 94 Ala. 434, 10 So. 530; Houston Nat. Bank v. Eldridge, 17 Ala. App. 235, 84 So. 430; Cassimus v. Scottish Union, 135 Ala. 256, 33 So. 163; Farmers' Mutual v. Tankersley, 13 Ala. App. 524, 69 So. 410; American Central v. First Nat. Bank, 206 Ala. 535, 90 So. 294.

ANDERSON, C. J. This is a suit upon an insurance policy by the beneficiary therein named, taken out by the deceased, Calloneil Johnson. Therefore the parties to the contract, as disclosed by the policy, are the insurance company and the deceased; the plaintiff being only the beneficiary, and not a party to the contract. The proof shows that the insured came by her death by virtue of an assault with a knife inflicted by another, and not for the sole purpose of burglary or robbery, and which excluded the policy under the terms of section 5 thereof. The plaintiff sought to establish a waiver of this clause by attempting to prove that she was an ignorant woman, and an agent of the company represented to her that her daughter was insured against everything except childbirth or self-murder. Whether these representations were made before or after the policy was issued may be questionable, and whether or not the agent could have waived the clause before or after the issuance of the policy may be questionable; yet there is no evidence whatever that the insured, the party to the contract, could not read and write, or

did not know of the clause, or that the agent made any false representations to her as an inducement for the issuance of the policy. There was manifest error in the rulings of the trial court as to the admission of the evidence and in the oral charge. The judgment of the circuit court is reversed, and the cause is remanded. Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.